IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

APR 30 2007

JAMES N. HATTEN, Clerk
By: /s/ _____ Deputy Clerk

OLIN MORRIS JAMES MORGAN,
    Plaintiff,

v.

TONY HENDERSON; DANNY HORNE,
    Defendants.

CIVIL ACTION NO.
1:07-CV-0874-TWT

## ORDER AND OPINION

Plaintiff, Olin Morris James Morgan, currently confined at the Phillips State Prison ("PSP") in Buford, Georgia, has submitted the instant action seeking relief under the American Indian Religious Freedom Act ("AIRFA"), 42 U.S.C. § 1996. This matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

### The 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action (1) is frivolous or malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no

AO 72A
(Rev.8/82)

set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In the instant action, Plaintiff sues PSP Warden Tony Henderson amd PSP Chaplain Danny Horne. Plaintiff claims that Defendants violated the AIRFA by (1) failing to preserve a traditional Cherokee right of worship of the Great Spirit in which sacred objects are passed to another brother and sister and (2) denying the brother to whom the sacred objects will be given the ability to properly use such objects in worship of the Great Spirit. Plaintiff seeks equitable relief.

The AIRFA establishes the "policy of the United States to protect and preserve for American Indians their inherent right of freedom to believe, express, and exercise [their] traditional religions . . ., including but not limited to access to sites, use and possession of sacred objects, and the freedom to worship through ceremonials and traditional rites." 42 U.S.C. § 1996. However, the AIRFA does not "create a cause of action or any judicially enforceable rights." Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 455 (1988). Accordingly, Plaintiff cannot assert an actionable claim pursuant to the AIRFA.

## Conclusion

Because Plaintiff has failed to state a claim upon which relief can be granted, the instant action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A.

2

AO 72A
(Rev.8/82)

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed <u>in forma pauperis</u> [Doc. 2] is **GRANTED** for the purpose of dismissal only.

**IT IS SO ORDERED**, this 30 day of april, 2007.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

3